IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:17-CV-13-FL

| | | |
|---|---|---|
| JASMAN J. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TERRI L. PARKER, Town Manager, | ) | |
| TOWN OF WINTERVILLE, and | ) | |
| WINTERVILLE TOWN COUNCIL, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' partial motion to dismiss pursuant to Federal

Rules of Civil Procedure 12 (b)(1) and 12(b)(6). (DE 15). The issues raised are ripe for ruling. For

the following reasons, the court grants defendants' partial motion to dismiss as set forth herein.

## STATEMENT OF THE CASE

Plaintiff, proceeding pro se, commenced this action against her former employer, the Town

of Winterville ("Winterville"), the town manager Terri L. Parker ("Parker"), and the Winterville

Town Council ("Council") on January 31, 2017, asserting claims for discrimination, denial of

promotion, wrongful termination, and retaliation based on race, disability, and pregnancy, in

violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.

("Title VII") and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., ("ADA") and

pursuant to 42 U.S.C.§ 1983 ("§ 1983").

On March 29, 2017, defendants filed the instant partial motion to dismiss, asserting that 1)

plaintiff's claims for pregnancy discrimination, violation of the ADA, and for failure to promote

should be dismissed for lack of subject matter jurisdiction and for failure to state a claim and 2) plaintiff's § 1983 claim should be dismissed for failure to state a claim, and 3) claims against Terri Parker, in her individual and official capacities, and claims against Winterville Town Council cannot be maintained. On April 21, 2017, plaintiff filed a response in opposition to the instant motion, including over 200 pages of exhibits, labeled exhibits 1-31, that include the charges filed by plaintiff with the Equal Employment Opportunity Commission ("EEOC"),[1] various work-related emails, newspaper articles, work documents, medical correspondence, and employment information. Defendants replied on May 4, 2017.

## STATEMENT OF FACTS

The facts alleged in the complaint may be summarized as follows.

Plaintiff was hired as an executive assistant for defendant Winterville in December 2008. (Compl. (DE 1-1) at 1). In August 2010, plaintiff was placed on bed rest due to pregnancy. (Id.) Plaintiff was on maternity leave until November 2010. (Id.) After her return from maternity leave, defendant Parker suggested plaintiff stay home with her child and discouraged plaintiff from becoming the town clerk. (Id.) Plaintiff was promoted to the position of town clerk. (Id.)

During her time working for defendant Winterville, plaintiff was accused of being "entitled" and called "gal" and was not allowed to apply for a scholarship for a master's clerk certification, was

---

[1] When ruling on a motion to dismiss, the court may consider the facts as alleged in the complaint, "documents attached to the complaint, . . . [and documents] attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007) (internal citations omitted). The charges filed by plaintiff with the EEOC were attached to both plaintiff's complaint and plaintiff's response to defendants' motion to dismiss; additionally, the EEOC's right-to-sue letters informing plaintiff that the EEOC investigations had been concluded were also attached to plaintiff's complaint. (Compl. (DE 1-1) at 4-7). These documents are integral to the complaint and their authenticity is not challenged; therefore, these documents can be considered. Although defendants argue that the court cannot consider the additional documents attached by plaintiff, the court finds it is unnecessary to determine whether these documents are integral to the complaint and authentic in that the documents do not alter the court's analysis and conclusions as herein provided.

told her professional certifications and aspirations to pursue a master's degree were "pieces of paper," was denied access to her personnel file, was strictly monitored while in the office, was told she had to be gracious to others, and was not allowed to supervise staff.  (Id. at 3).  Additionally, plaintiff, who is black, was treated differently from white co-workers in that she was disciplined for being late, forced to submit original doctor notes, was questioned as to why she attended a meeting with a black council member, and forced to write a report regarding the meeting.  (Id.).

Plaintiff was placed on a performance improvement plan in March 1, 2016.  (Id. at 1) Plaintiff denies that there were issues with her performance.  (Id.)  Plaintiff filed a grievance with regard to the performance improvement plan and later requested information regarding the status of the performance improvement plan.  (Id.)  She was informed it was under review.  (Id.)

On May 22, 2016, plaintiff filed her first her first charge with the  EEOC asserting race-based discrimination in violation of Title VII in that she has been denied career enhancement opportunities, treated less favorably, and information related to her position has been withheld from her, resulting in her being placed on a performance improvement plan.  (Id. at 4).

On June 27, 2016, defendant Winterville issued a pre-disciplinary letter to plaintiff suspending plaintiff with pay and held a predisciplinary conference with her the following day.  (Id. at 1)  Plaintiff was terminated from her employment on July 5, 2016 for insubordination.  (Id.) Plaintiff has not been allowed to retrieve her personal items from the office.  (Id.)

On August 2, 2016, plaintiff filed her second charge with the EEOC, asserting that her termination from employment was the result of race-based discrimination and retaliation in violation of Title VII.  (Id. at 6).

On November 2, 2016, regarding both of plaintiff's charges, the EEOC closed its investigation and issued a notice of right to sue.  (Id. at 5, 7).  This suit was filed 90 days later on January 31, 2017.

## COURT'S DISCUSSION

A.    Standard of Review

To survive a Rule 12(b)(1) motion, the plaintiff bears the burden of showing that subject matter jurisdiction is appropriate.  See McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).  Such a motion may attack the existence of subject matter jurisdiction in fact, apart from the complaint.  Adams, 697 F.2d at 1219.  In that instance, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).  The standard of review, however, is the same as with a motion for summary judgment.  Thus, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  Id.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).  A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007)).  "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim.  Twombly, 550 U.S. at 556.  In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments."  Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

Courts must liberally construe pro se complaints, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).  However, courts "cannot ignore a clear failure to allege facts" that set forth a cognizable claim.  Johnson v. BAC Home Loan Servicing, LP, 867 F. Supp.2d 766, 776 (E.D.N.C. 2011).  "The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed."  Weller v. Dep't of Soc. Servs. for the City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990).

B.    Analysis

1.    Failure to Exhaust Administrative Remedies

Under Title VII, plaintiff must exhaust her administrative remedies by first filing a charge with the EEOC.  Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000).  The "scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents."  Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009).  However, this "exhaustion requirement

should not become a tripwire for hapless plaintiffs," where the Title VII framework was set up as "a remedial scheme in which lay persons, rather than lawyers, are expected to initiate the process" and where it "would be inconsistent with this framework to require untrained parties to provide a detailed essay to the EEOC in order to exhaust their administrative remedies." <u>Sydnor v. Fairfax Cty., Va.</u>, 681 F.3d 591, 594 (4th Cir. 2012) (internal quotations omitted).

Defendants argue that plaintiff's claims for pregnancy discrimination, for violation of the ADA, and for failure to promote are outside the scope of her EEOC charges and are therefore procedurally barred.

While the court recognizes "that EEOC charges often are not completed by lawyers and as such must be construed with utmost liberality," the court cannot "read into administrative charges allegations they do not contain." <u>Balas v. Huntington Ingalls Indus., Inc.</u>, 711 F.3d 401, 408 (4th Cir. 2013). Plaintiff specifically alleges race discrimination in violation of Title VII. (<u>See</u> DE 1-1 at 4,6). However, plaintiff's charges make no mention of plaintiff's pregnancy, or discrimination because of plaintiff's pregnancy; plaintiff's disability, or discrimination based on plaintiff's disability; or failure to be promoted due to any reason. This lack of allegations fails to provide "the employer with adequate notice and result[s] in a failure to investigate by the responsible agency," the very reasons for the requirement of administrative exhaustion. <u>Evans v. Techs. Applications & Serv. Co.</u>, 80 F.3d 954, 963 (4th Cir. 1996) (finding that an administrative charge of failure to promote based on the plaintiff's sex did not encompass allegations of sexual harassment). In this case, plaintiff failed to allege anything in her charges that would give an indication that she would

later pursue claims based on pregnancy discrimination, violation of the ADA, or a failure to promote. Therefore, these claims are outside the scope of her charges and are barred.[2]

2. Failure to State a Claim

a. § 1983 Claim

Although § 1983 is not a "source of substantive rights," it provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Lambert v. Williams, 223 F.3d 257, 260 (4th Cir.2000); see also Albright v. Oliver, 510 U.S. 266, 271 (1994). To state a cause of action under § 1983, a plaintiff must allege facts indicating that she has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 49-50 (1988).

Plaintiff's complaint does not identify any deprivation of specific rights guaranteed by the Constitution or laws of the United States and states only that "[t]his action is brought pursuant to . . . 42 U.S.C. 1983." (Compl. (DE 1-1) ¶ 9). Such a statement is not sufficient to state a claim for violation of § 1983 under the pleading standard set forth by the Supreme Court in Iqbal and Twombly. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570.

Accordingly, the court dismisses plaintiff's § 1983 claims.

b. Claims against Defendant Parker

Plaintiff cannot sue defendant Parker in her individual capacity because Title VII only creates a cause of action against employers, not individual supervisors. 42 U.S.C. § 2000e–2(a); Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180–81 (4th Cir.1998). Additionally, plaintiff may not

---

[2] Because the court finds these claims are barred, the court need not address defendants' arguments that these claims should be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

bring a Title VII claim against defendant Parker in her official capacity if the claim is duplicative of the claim against the public employer, as it is here. See, e.g., Kentucky v. Graham, 473 U.S. 159, 165–66 (1985); Love–Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004) (affirming dismissal of a claim against a superintendent in his official capacity where the claim was duplicative of a claim against the entity that employed him).

Accordingly, the court will dismiss plaintiff's Title VII claims against defendant Parker.

c.      Claims against Defendant Council

The court must also dismiss plaintiff's claims against defendant Council. First, at no point does plaintiff allege any action, much less discriminatory action, of defendant Council. (See Compl. (DE 1)). Second, only an "employer" as defined by statute can be held liable under Title VII. See Butler v. Drive Auto. Indus. of Am., Inc., 793 F.3d 404, 408 (4th Cir. 2015) ("An entity can be held liable in a Title VII action only if it is an 'employer' of the complainant.").

**CONCLUSION**

Based on the foregoing, the court GRANTS defendants' partial motion to dismiss (DE 15), dismissing the following claims:

1.      Claims based on violations of the ADA;

2.      Claims based on discrimination due to pregnancy;

3.      Claims for failure to promote;

4.      Claims brought pursuant to § 1983;

5.      Claims against defendant Parker; and

6.      Claims against defendant Council.

Such claims are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Claims not subject to the motion to dismiss, asserted against defendant Winterville, for race-based discrimination based on disparate treatment, wrongful discharge, and retaliation in violation of Title VII remain.

SO ORDERED, this the 5th day of December, 2017.


LOUISE W. FLANAGAN
United States District Judge