IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:17-CV-13-FL

| | | |
|---|---|---|
| JASMAN J. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TOWN OF WINTERVILLE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion for sanctions and dismissal. (DE 61). The matter has been fully briefed, and in this posture, the issues raised are ripe for ruling. For the following reasons, the court grants in part and denies in part defendant's motion.

## STATEMENT OF THE CASE

This matter has been pending for nearly two years. Plaintiff, proceeding pro se, commenced this action against her former employer, the Town of Winterville ("Winterville"), the town manager Terri L. Parker, and the Winterville Town Council on January 31, 2017, asserting claims for discrimination, denial of promotion, wrongful termination, and retaliation based on race, disability, and pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and pursuant to 42 U.S.C.§ 1983.

On March 29, 2017, defendants filed partial motion to dismiss, which the court granted on December 5, 2017, dismissing all claims and defendants excepting plaintiff's claim asserted against defendant Winterville for race-based discrimination based on disparate treatment, wrongful

discharge, and retaliation, in violation of Title VII. On February 14, 2018, the court entered case management order ("CMO"), providing for discovery to close on October 1, 2018.

On July 6, 2018, defendant filed motion to compel, wherein defendant argued that plaintiff's responses to defendant's first set of interrogatories and first request for production of documents ("discovery requests") were "grossly inadequate." (DE 47 at 2). The court granted defendant's motion on September 28, 2018, directing plaintiff to "fully respond to interrogatories 1, 2, 4, 6, 7, 8, 9, 10, 11, and 14 of defendant's first set of interrogatories and produce those documents responsive to requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 16, 17, 22, and 23 of defendant's first request for production of documents," providing plaintiff with a deadline of October 15, 2018. The court additionally granted the parties' consent motion for extension of time to complete discovery, extending the deadline to October 15, 2018.

On July 20, 2018, the parties were involved in a court-hosted settlement conference before Magistrate Judge Kimberly A. Swank wherein "the parties reached an agreement to settle this action, subject to approval by the Town Council of Winterville," with the court directing the parties "to file, on or before September 18, 2018, their stipulation of dismissal or a notice informing the court of their inability to consummate the settlement in which it appeared the parties were able to settle the case." (See DE 50). On September 13, 2018 and September 18, 2018, respectively, defendant and plaintiff filed notice of failure to settlement. (DE 55, DE 57).

On October 17, 2018, defendant filed the instant motion for sanctions and dismissal, arguing that "[t]o date, Plaintiff has not produced the interrogatory responses or documents ordered by the Court" and that "Plaintiff also refused to answer any substantive questions during the course of her October 11, 2018 deposition, which followed Plaintiff's refusal to attend a properly-noticed

2

deposition." (DE 62 at 1).

Plaintiff filed in response both "Plaintiff's Synopsis of Deposition," (DE 63), and response in opposition with memorandum in support, (DE 67, DE 68). In plaintiff's responses, plaintiff does not address defendant's argument that she has not produced the interrogatory responses or documents ordered by the court and argues regarding her deposition that it was "unprofessional, unethical, hostile, and did not follow the NC Local and Federal Rules of Civil Procedure." (DE 63 at 1, see also DE 68 at 1).

Additionally during this time, defendant filed motion to stay proceedings pending outcome of defendant's motion for sanction and dismissal, which the court granted on October 29, 2018.

**STATEMENT OF THE FACTS**

Facts relevant to defendant's motion for sanctions and dismissal are as follows.

As stated above, on February 14, 2018, the court entered a CMO, requiring, in part, that the parties exchange their Rule 26(a)(1) initial disclosures by February 28, 2018. (DE 28 at 1). Defendant served its initial disclosures on February 28, 2018, but plaintiff did not serve her initial disclosures until March 9, 2018, without leave of the court or consent from defendant.

After receiving plaintiff's initial disclosures, defendant sent a letter to plaintiff addressing her deficient responses and requesting that plaintiff make herself available for deposition in late June. (DE 47 at 2; DE 46-3). Thereafter, plaintiff emailed defendant stating, "I will respond to your letter. Does it need to go to you directly?" but thereafter did not communicate with defendant prior to defendant's filing of its motion to compel on July 6, 2018. (DE 47 at 2; DE 46-3). Defendant detailed that in the discovery requests, defendant sought and had not received such information as plaintiff's physical address, whether she is aware of any recorded or transcribed witness statements,

3

detailed description of her damages, any disabilities for which disability payments have been made, a detailed description of her employment subsequent to her work for defendant, her sources of income, whether plaintiff contends she is entitled to recover legal fees and costs, or any supporting documents related to the same. (DE 47 at 5).

On March 6, 2018, defendant served plaintiff with discovery requests. Under the Court's CMO, responses were due by April 5, 2018. (DE 28 at 3). Plaintiff sought and was granted an extension to serve her responses, rendering her responses due on April 22, 2018. (DE 36). Plaintiff did not serve her responses, however, until June 1, 2018, without leave of the court or consent from defendant, responses which defendant has characterized as "grossly inadequate." (DE 47 at 2).

On May 18, 2018, plaintiff filed a motion to amend her complaint. (DE 39). The court granted plaintiff's motion on July 18, 2018, providing that "Plaintiff must file one signed document plaintiff's amended complaint . . . within 14 days of this court's order." (DE 48 at 3). Plaintiff failed to file her amended complaint until August 17, 2018, without leave of the court or consent from defendant. (DE 51).

On August 31, 2018, defendant's counsel informed plaintiff via email that defendant intended to notice plaintiff's deposition for September 25, 2018, but that if plaintiff was not available that day, defendant could take the deposition on September 26 or 28, 2018. (DE 62-1). That same day, defendant served plaintiff with a notice of deposition, providing that plaintiff's deposition would be taken on September 25, 2018, beginning at 10:00 a.m. (DE 62-2). Plaintiff did not respond to defendant's counsel and, instead, filed a notice to reschedule deposition with the court over two weeks later, requesting that the deposition be scheduled "after September 30th." (DE 58). Plaintiff made this request despite the fact that discovery at that time was then scheduled to

close on October 1. (DE 28 at 2).

On the same day as plaintiff's filing, defendant's counsel again contacted plaintiff by email, noting that her deposition was properly noticed, but that defendant would agree to reschedule the deposition if plaintiff was available on October 4, 5, 10, or 11, and if plaintiff would consent to the extension of the discovery and dispositive motions deadlines by two weeks, given the impending deadlines. (DE 62-1 (providing email correspondence); DE 28 at 2, 7 (providing discovery and dispositive motions deadlines)). Plaintiff responded on September 24, 2018, the day before her scheduled deposition, confirming that she would be available for her deposition on October 11, and requesting that the deposition take place at a "neutral site." (DE 62-1). After moving for an extension of time for the discovery and dispositive motions deadlines, (DE 59), defendant's counsel thereafter worked with plaintiff to take her deposition at the Sheppard Memorial Library in Greenville, North Carolina, on October 11 at 11:00 a.m. (DE 62-3). Defendant also served plaintiff with a notice of deposition reflecting the same on September 24, 2018. (DE 62-4).

On October 11, 2018, the parties arrived at the Sheppard Memorial Library for plaintiff's deposition. (Smith dep. transcript (DE 62-5)). Plaintiff was accompanied by Calvin Henderson from the NAACP, who is not a party and has no personal or pecuniary interest in this action, who plaintiff testified was in attendance for "moral support." (Id. at 9:14-21). Defendant's counsel was accompanied by Terri Parker, Town Manager; E. Keen Lassiter, Town Attorney; and Andy Dempsey, an employee of the Town's insurer, the North Carolina League of Municipalities. (Id. at 2).

Shortly after the deposition began, plaintiff would not answer multiple background questions, stating that they were "not relevant" to her case. (Id. at 10:12-14, 10: 21-25, 11:8-11, 12: 2-3, 12:19-

13-6). Thereafter, plaintiff refused to answer any substantive questions because defendant's counsel was accompanied by representatives of her client and their insurer. (Id. at 15:4-9, 17:2-4, 17:19-24, 18:7-10, 18:15-22). Andy Dempsey, insurer from the North Carolina League of Municipalities, stepped out in order to progress the deposition and alleviate plaintiff's concerns, but plaintiff continued to refuse to answer questions. (Id. at 19:6-15; 20:1-11). Defendant's counsel explained to plaintiff that she sued the Town of Winterville, and the individuals accompanying defendant's counsel, the Town manager and the Town attorney, were representatives of the Town who had the right to be present during the deposition. (Id. at 15:10-12, 20:12-17).

Thereafter, defendant's counsel informed plaintiff that if she continued to refuse to answer questions posed during the deposition, defendant would move for sanctions, including, but not limited to, fees, costs, and dismissal of the action:

> Q. Okay. I want you to understand here -- right here, right now, that if you don't answer my questions today, then I will be filing a motion with the Court, and I will be requesting sanctions.
> A. Okay.
> Q. Those sanctions might include my attorney's fees for appearing here today, the court reporter's fees for appearing here today, along with other sanctions that might be granted by the Court, including dismissal of your case; do you understand that?
> A. I understand . . . .
> Q. Okay. Moving on. Again, I will be filing a motion with the Court, and I want you to understand that. Do you understand it?
> A. Yes . . . .
> Q. You understand that I will be filing a motion for sanctions after we leave here today, ma'am --
> A. Again --
> Q. -- on behalf of the Town of Winterville; do you understand that?
> A. Again, Attorney Hartzog, you are not following the notice of deposition, as they are not on the notice whatsoever. We are not communicating during the deposition. That's not how that works.

(Id. at 17:5-15, 18:3-6, 27:4-12).

Plaintiff thereafter proceeded to leave the deposition less than one hour after it began. (Id.

6

at 27:13-28:10). Defendant asserts that as of the date of the instant motion, defendant has still not received plaintiff's supplemental discovery responses, as ordered by the court. Defendant requests the court impose sanctions, including dismissal of this action.

**COURT'S DISCUSSION**

A.    Standard of Review

Under Rule 37 of the Federal Rules of Civil Procedure, "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)," a court may impose sanctions, including, but not limited to, "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A); Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995) ("[T]he express terms of Rule 37 permit a trial court to impose sanctions when 'a party fails to obey an order to provide or permit discovery.'"). Similarly, a court may impose sanctions, including dismissal, when a party refuses to serve answers, objections, or responses to written discovery, or fails to appear for a properly-noticed deposition. Fed. R. Civ. P. 37(d).

To warrant dismissal, the offending party's conduct in the litigation must demonstrate a "pattern of indifference and disrespect to the authority of the court." Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 93 (4th Cir. 1992); see also Wilson v. Volkswagen of Am., 561 F.2d 494, 499-516 (4th Cir. 1977). In determining whether dismissal is an appropriate sanction, courts consider the following four factors:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice [her] noncompliance caused [her] adversary, which necessarily includes an inquiry into the materiality of the evidence [s]he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Mut. Fed. Sav. & Loan Ass'n, 872 F.2d at 92.

Nevertheless, before imposing a sanction of default judgment or dismissal, the court must "warn[] . . . in no uncertain terms . . . that failure to comply with the court's order [will] result in" such sanction. Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998); see Hathcock, 53 F.3d at 40.

Regarding the first factor, plaintiff has evinced bad faith by violating several court orders, including court's CMO requiring exchange of initial disclosures by February 28, 2018; court's order that plaintiff serve her responses to defendant's discovery requests by February 28, 2018; court's order that plaintiff file her amended complaint by August 1, 2018; and court's order on defendant's motion to compel discovery, directing that plaintiff serve adequate responses to defendant's discovery requests by October 25, 2018. Additionally, plaintiff did not attend her original properly-noticed deposition and did not communicate with defendant's counsel until the day before her deposition. Once deposition occurred, plaintiff refused to answer almost all questioned during her deposition based on "relevancy" or because of who had accompanied defendant's counsel, leaving said deposition less than an hour after it began.

The court finds plaintiff's conduct obstructive, evincing a desire to use the legal system to address her alleged concerns but an unwillingness to participate as is required in the discovery process. More specifically, the court finds obstructive plaintiff's answers given at her deposition:

> Q. Okay. What attorneys have given you advice about the case?
> A. I don't recall . . . .
> Q. My question is, did you contact lawyers asking them to represent you regarding this matter, or did you contact lawyers asking them to represent you and these lawyers also have given you advice?
> A. This is not relevant to my case . . . .
> Q. Ma'am, my question is, are you refusing to answer my question?
> A. No. I answered your question. I'm a pro se plaintiff . . . .
> Q. Ma'am, please give me your physical address.
> A. That has nothing to do with my case . . . .

8

> Q. How long have you lived at that address?
> A. That's not relevant to this case.
> Q. How long have you lived at that address?
> A. That's not relevant to this case.
> Q. Are you refusing to answer my question under oath today about how long you lived at that address?
> A. That has nothing to do with the lawsuit of the plaintiff
> Q. Ma'am, I get to ask you questions about your background. Where you live is relevant to this lawsuit.
> A. Okay. Well, that contains privileged information not relevant to the plaintiff's case.

(DE 62-5 at 10:12-14, 10: 21-25, 11:8-11, 12: 2-3, 12:19-13-6).

From there, plaintiff informed defendant's counsel that "for the record, I want to say that, Ms. Hartzog, this deposition does not follow local and federal civil rules," (id. at 14:14-16), and "I recommend that this be canceled and rescheduled, because that's not how a deposition is supposed to work," (id. at 15:1-3), objecting to the presence of representatives of defendant while simultaneously maintaining her right to have someone unrelated to case present:

> Q. Ma'am, you have brought someone here from the NAACP. Can you tell me your legal grounds for having him here?
> A. I previously stated that he is here for moral support, and I'm not understanding why you have three additional guests . . . .
> Q. Again, I'm not going to answer your questions. I'm asking who you called during the break.
> A. That's not relevant to this case . . . .
> Q. All right. So how long have you lived in the Greenville area?
> A. Again, I'm not going to continue with three other guests here. So this should be rescheduled and canceled, because that's not right. That's not legally right . . . .
> Q. Thank you. Ma'am, do you have any children?
> A. That's privileged information that does not apply to this case. Again, I am not gonna answer any more questions with three additional guests here . . . .
> Q. Okay. Are you currently married?
> A. Again, I am not answering any more questions unless you do something about the additional guests that are here.
> Q. Okay. How long did you work for the Town of Winterville?
> A. Again, I am not going to answer until you do something about the three additional guests here . . . .

9

(Id. at 15:4-9, 17:2-4, 17:19-24, 18:7-10, 18:15-22).

Plaintiff is incorrect that attendance by representative of defendant is a violation.[1] The court notes that the insurer eventually was excused, leaving the city manager and the town attorney with defense counsel, as well as plaintiff's "moral support," the head of the NAACP:

> MS. HARTZOG: All right. I'm noting for the record that Andy Dempsey, who is employed by the League of Municipalities, has left the deposition, and present in the room, on behalf of the Town of Winterville, Town Manager Terri Parker and the town attorney, Keen Lassiter, and that Mr. Calvin Henderson remains in the room on behalf of the plaintiff, and it's been disclosed during this deposition that Mr. Henderson is the president of the NAACP.

(Id. at 19:6-15).[2]

Notwithstanding, plaintiff continued to refuse to answer questions:

> Q. Can you tell me, to the best of your recollection, the dates that you were employed with the Town of Winterville?
> A. Ms. Hartzog, I understand that Mr. Andy Dempsey left the room, but there still remains two other people as your guests. And you have been advising with Mr. Keen Lassiter, and that's -- again, he's not the recorded person on this case, nor is – and you're not supposed to be having comments in the deposition with someone else in the room. I'm not allowed to do that.

---

[1] Plaintiff argues that the "deposition was unprofessional, unethical, hostile, and did not follow the NC Local and Federal Rules of Civil Procedures," (DE 63 at 1, see also DE 68 at 1), but plaintiff does not indicate how the deposition was "unprofessional, unethical" or "hostile," nor what rules she is referencing, nor provide any reason why defendant's representatives should not be allowed to attend plaintiff's deposition. Upon review of the deposition transcript, the court finds plaintiff's arguments meritless. See Bell v. Bd. of Educ. of Cty. of Fayette, 225 F.R.D. 186, 196 (S.D. W. Va. 2004) ("It therefore appears clear as a general matter that any party or representative of a party or witness with information relevant to the claims for relief or defenses, investigator or expert witness in a case can attend depositions in the case. They may be excluded on the other hand upon a specific showing that some harm or prejudice might occur to a party or the deponent through the disclosure of secret or sensitive information learned by virtue of their attendance and disseminated thereafter. Of course, they also might be excluded upon a specific showing that they might act coercively or disruptively.").

[2] Plaintiff makes the unsubstantiated accusations that "[i]t appeared that Attorney Hartzog's objective was to force the Plaintiff to take a settlement check at the Deposition, because the Insurance Agent was present at the Deposition" and that "the Defendant threatened the Plaintiff and informed her that if she did not take the settlement, that she would submit a motion for me to take the money." (DE 68 at 1). It is unclear how these accusations, along with the article submitted by plaintiff to the court published by the Times-Leader, address defendant's arguments that defendant is entitled to sanctions due to plaintiff's discovery abuses.

(Id. at 20:1-11).

Plaintiff's actions have caused defendant prejudice, where defendant has incurred expenses regarding defendant's motion to compel, scheduling and rescheduling of plaintiff's deposition, seeking extension of court deadlines, and attending plaintiff's October 11, 2018 deposition wherein plaintiff did not provide substantive responses to questions. Discovery expired on October 15, 2018, and defendant does not have needed and court-ordered discovery to proceed with this case.

Regarding the third and fourth facts, which the Fourth Circuit has characterized as "somewhat intertwined," Anderson, 155 F.3d at 505, the need to deter this sort of noncompliance is very strong where plaintiff has repeatedly ignored the Federal Rules of Civil Procedure and this court's orders, without offering any explanation. See Mutual Fed. Sav. & Loan Ass'n, 872 F.2d at 93 ("ignoring the direct orders of the court with impunity" constitutes misconduct that must be deterred). In addition to plaintiff's behavior at her deposition, plaintiff's discovery deficiencies have persisted in contravention to multiple orders by the court, one of which specifically recognized plaintiff's discovery deficiencies and directed plaintiff to cure said deficiencies, which plaintiff still has failed to do.

However, the Fourth Circuit has "emphasized the significance of warning a defendant about the possibility of default before entering such a harsh sanction." Hathcock, 53 F.3d at 40; see also Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 n. 2 (4th Cir.1987) (noting that warning to parties was a "'salient fact'" which distinguished cases in which default judgment was appropriate sanction for discovery abuse under Rule 37); Engleman v. Cromartie, No. 5:12-CV-00147-FL, 2013 WL 5240789, at *3 (E.D.N.C. Sept. 17, 2013) (citing Hathcock, 53 F.3d at 40) ("Upon consideration of the factors set forth in Mutual Federal, and of the warning given to plaintiff by this court, the

11

court finds that dismissal of this action is an appropriate sanction.").[3]

Therefore, because plaintiff has not yet received an explicit Hathcock warning from the court, although plaintiff was informed by defense counsel, on multiple occasions, that continued non-compliance would result in defendant moving for sanctions, including "dismissal of [plaintiff's] case," (id. at 17:5-15, 18:3-6, 27:4-12), the court declines to dismiss plaintiff's case with prejudice at this time. However, the court finds appropriate the imposition of lesser sanctions under Rule 37 where here plaintiff violated multiple court orders, including a court order specifically directing plaintiff to fully respond to defendant's discovery requests, failed to offer substantive testimony in plaintiff's duly-noticed deposition, and failed to provide sufficient reason for these discovery abuses. See Rule 37(b)(2)(C) ("Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").

## CONCLUSION

Accordingly, defendant's motion for sanctions (DE 61) is GRANTED IN PART. The court ORDERS plaintiff to pay attorneys' fees, costs, and expenses incurred by defendant related to defendant's motion to compel discovery and plaintiff's October 11, 2018 deposition. Defendants are DIRECTED to file within seven days from the date of this order a declaration of costs and reasonable attorneys' fees incurred. Plaintiff shall have 14 days to respond. Thereupon the court will enter such further order confirming the amount of costs and reasonable attorneys' fees payable

---

[3] For the same reasons, the court rejects defendant's request to dismiss plaintiff's case pursuant to Rule 41. See Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 471 (4th Cir.1993) (party in case involving prejudicial dismissal under Rule 41 "is entitled to be made aware of this drastic consequence of failing to meet the court's conditions at the time the conditions are imposed, when he still has the opportunity to satisfy the conditions and avoid it").

by plaintiff, as well as a date certain for payment of such costs and reasonable attorneys' fees.

In addition, the court ORDERS plaintiff again to provide adequate responses to defendant's first set of interrogatories and first request for production of documents, herein named discovery requests. Additionally, the court ORDERS plaintiff to cooperate during her deposition, informing plaintiff that she must respond to defendant's discovery questions and, absent compelling reason otherwise, must do so in the presence of defendant's representatives. Plaintiff is admonished that should issues thereafter remain, the court will heartily exercise its wide discretion to impose sanctions for plaintiff's failure to comply with this order, including entering default judgment with prejudice against plaintiff.

Finally, the court ORDERS the discovery and dispositive motions deadline to be extended to allow defendant time to conduct sufficient discovery in this matter. Accordingly, the parties have up to and including **January 28, 2019** to complete plaintiff's deposition and to allow plaintiff to submit complete discovery responses. Dispositive motions shall be filed no later than **February 27, 2019**. The parties are afforded 14 days from the issuance of this order to show good cause if any exists to modify these court-ordered deadlines. The court LIFTS the stay of this case.

SO ORDERED, this the 2nd day of January, 2019.

LOUISE W. FLANAGAN
United States District Judge